IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DWAYNE A. BUTCHER,

                Plaintiff,

                vs.                         Case No. 03-1370-JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, which authorizes judicial review of a final agency decision. Plaintiff argues that: 1) the administrative law judge (hereafter "ALJ") failed to properly evaluate the opinions of the treating psychologist and failed to develop the record which would provide the support for the doctor's opinions; 2) the ALJ failed to properly evaluate the case under step three of the sequential evaluation process; and 3) the ALJ failed to properly evaluate credibility as required by Social Security Rules and applicable case law. The Commissioner argues substantial evidence on the record as a whole supports the ALJ's findings. After reviewing the parties' arguments, the court finds that remand is appropriate as to the ALJ's evaluation of the treating psychologist's opinion. The court does not find remand appropriate on the two other grounds claimant advances.

## I. BACKGROUND

Plaintiff Dwayne A. Butcher was born on January 5, 1960, and was 42 years old at the

date of his hearing.  He alleges that he became disabled on January 1, 1999, at age 38.  R. 55,

293-94.  In his Disability Report, plaintiff listed his impairments as injury-related back and knee

pain, ongoing depression, and memory problems.  R. 80.  Plaintiff has a high school equivalency

degree and has two years of college education.  R. 18, 86, 286, 320.  Plaintiff had worked as a

telemarketer, telemarketer manager, actor, janitor, retail clerk, desk clerk, appointment setter,

pizza delivery person, and car detailer.  R. 89-104.

Plaintiff filed two applications for benefits under the Social Security Act.  The first is an

application for disability insurance benefits (DIB) under Title II of the Act, 42 U.S.C. §§ 401 et

seq.  R. 55-57.  The second is an application for supplemental security income (SSI) benefits

based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq.  R. 293-305.  Plaintiff's

applications were denied initially (R. 25, 27-32, 312) and after reconsideration.  R. 26, 35-39,

313.  On October 10, 2002, after a hearing (R. 315-43), the ALJ found that plaintiff was not

disabled at any time prior to the expiration of his insured status or at any time prior to his

decision.  R. 14-24.  On August 13, 2003, the Appeals Council of the Social Security

Administration denied plaintiff's request for review of the ALJ's decision.  R. 5-7.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "the finding of the Secretary as to any fact, if supported by

substantial evidence, shall be conclusive."  Substantial evidence is more than a scintilla and is

that evidence which a reasonable mind might accept as adequate to support a conclusion.

Richardson v. Perales, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Miller v.

Chater, 99 F.3d 972 (1996); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989); Kemp v. Bowen,

816 F.2d 1469, 1475 (10th Cir. 1987).  Substantial evidence requires the presence of enough

relevant evidence that a reasonable mind might consider the Secretary's decision adequately supported. Richardson, 402 U.S. at 401. The court must scrutinize the record and take into account whatever evidence fairly detracts from the evidence supporting the Secretary's findings. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984). An absence of substantial evidence will be found only where there is a conspicuous absence of credible choices and no contrary medical evidence. Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987) (citations omitted). The function of the district court is to determine whether there is evidence to support the decision of the Secretary and not to re-weigh the evidence or try the issues de novo. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.

## III. ANALYSIS

### A. Weight Given to Treating Physician's Evaluation

The opinion of a treating physician in disability cases is entitled to greater weight than those of other physicians. Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983). Substantial weight should be given to the treating physician's opinion unless there is good cause to disregard it. Tyson v. Apfel, 107 F. Supp. 2d 1267, 1269 (D. Colo. 2000) citing Goatcher v. Dep't of HHS, 52 F.3d 288, 289-90 (10th Cir. 1995). "The longer a source has treated the claimant, the more weight must be given to that source's opinion." Tyson, 107 F. Supp. 2d at 1269. If the opinions of the treating doctor are supported by the medical record as a whole, the treating doctor's opinions will be given "controlling weight." 20 C.F.R. § 404.1527(d)(2), § 416.927(d)(2). The social security regulations specifically state that the ALJ will review and

evaluate any medical opinion it receives.  20 C.F.R. § 404.1527(d), § 416.927(d).

The court finds that the ALJ used the improper legal standard in evaluating the opinion of the treating physician.  The ALJ assigned little weight to the testimony of treating psychologist Kerin L. Schell, Ph.D., because the record did not contain copies of the Luria-Nebraska Neoropsychological Battery test conducted, no interpretation of profile, no record of information from Dr. Kuhlman, and a gap in the record as to visits.  R. 20.  The ALJ found claimant did not have "longitudinal support for the diagnosis" based on the "brief" visits.  R. 20.  The ALJ ignored the supporting evidence provided by other medical professional.  Dr. Liebenau also diagnosed claimant with depression and could not rule out bipolar disorder.  R 182.  Although Dr. Liebenau failed to find any evidence of polarity, the claimant indicated to his treating doctor that the review with Dr. Liebenau had been short.  R. 151.

While the onus is on the claimant to make a showing of disability, the ALJ may not easily disregard the opinion of a treating physician.  The record shows a continuous course of treatment from January 19, 2001 with visits in April 2001, May 2001, July 2001, September 2001, October 2001, and an evaluation on August 4, 2002.   Since filing his application for benefits in April 2001, the claimant has been in contact with his treating physician with a gap in early 2002. Although claimant provided documentation of his doctor's office visits, the ALJ determined the records from Dr. Schell to be incomplete.  The record does not indicate that the ALJ requested additional information from Dr. Schell or the claimant.

The Commissioner argues that the ALJ did not need to request additional information because neither plaintiff nor plaintiff's counsel considered the assessment incomplete.  While the plaintiff and plaintiff's counsel may have considered the evidence sufficient for the ALJ to make

a determination, the ALJ did not determine the record to be complete.  In such a situation, the court finds remand appropriate.  When the ALJ's finding turns on gaps in the record which could be remedied by requesting additional information, plaintiff should be given an opportunity to provide the relevant information, particularly when it is the record of the treating physician.  See Winters v. Barnhart, No. 00-2419-DJW, 2002 WL 1286134, at *11-12 (D. Kan. June 5, 2002) (finding that the ALJ failed to fully develop the record regarding claimant impairments because he did not obtain additional treatment records from her treating physician); Baca v. Department of Health & Human Services, 5 F.3d 476, 479-80 (10th Cir. 1993) ("[T]he ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues.").  The duty to develop the record is shared by both the claimant and the Secretary, and the duty to develop the record remains even if the claimant is represented by counsel.  See Baker v. Bowen, 886 F.2d 289, n.1 (10th Cir. 1989).  The Commissioner attempts to provide post-hoc rationalization for the ALJ's findings based on Dr. Schell's notations.  See Dkt. No. 16, 5-6.  It is not clear that these were the considerations on which the ALJ relied.  As a result, the court instructs a remand to more fully develop the record of the treating physician's findings so as to make a determination of disability. See Copkney v. Chater, 74 F.3d 1248, 1995 WL 700991, at *1-2 (10th Cir. 1995).  See also 20 C.F.R. § 404.1512(d).

**B.  Credibility Determination under Luna v. Bowen**

Plaintiff argues that the ALJ does not mention the objective findings that support Mr. Butcher's claim of disabling pain.  Dkt. No. 13, at p. 10-12.  Plaintiff cites objective evidence of disabling pain as plaintiff's bulging discs in the lumbar spine as well as positive lasegue's test and neurological symptoms of parathesia and weakness in the lower extremities.  R. 236, 238,

5

244, 174.

Credibility determinations are generally the province of the ALJ. <u>Adams v. Chater</u>, 93 F.3d 712, 715 (10th Cir. 1996) (quoting <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d at 801). Therefore, the court typically defers to the ALJ as trier of fact on credibility. <u>Thompson v. Sullivan</u>, 987 F.2d at 1490 (citations omitted). It is "recognize[d] that some claimants exaggerate symptoms for purposes of obtaining government benefits, and deference to the fact-finder's assessment of credibility is the general rule." <u>Frey v. Bowen</u>, 816 F.2d at 517. Thus, a court "will not upset such [credibility] determinations when supported by substantial evidence." <u>Bean v. Chater</u>, 77 F.3d 1210, 1213 (10th Cir.1995) (internal quotation omitted).

The Tenth Circuit set forth the proper analysis of evidence of alleged disabling pain in <u>Luna v. Bowen</u>, 834 F.2d 161, 163-64 (10th Cir. 1987). This standard requires consideration of 1) whether plaintiff established a pain-producing impairment by objective medical evidence; 2) if so, whether there is a "loose nexus" between the proven impairment and the plaintiff's subjective allegations of pain; and 3) if so, whether considering all the evidence, both objective and subjective, plaintiff's pain is in fact disabling. <u>See</u> <u>Kepler v. Chater</u>, 68 F.3d 387, 390 (10th Cir. 1995). The claimant is entitled to have his nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence. An ALJ may not ignore the evidence and make no findings. <u>Kepler v. Chater</u>, 68 F.3d 387, 390 (10th Cir.1995) (quoting <u>Huston v. Bowen</u>, 838 F.2d at 1131 (citations omitted)).

Although plaintiff's counsel provides an extensive review of the legal standard for credibility determinations, the brief is lacking in analysis of how the ALJ failed to weigh the evidence. As the Commissioner notes, plaintiff is implying that he is disabled because of his

6

bulging discs and positive neurological symptoms.  Dkt. No. 16, at p. 7.  Here, the ALJ extensively reviewed claimant's subjective complaints and found that the complaints were not supported by the medical evidence.  R. 21-22.  The ALJ found little support for the complaints, noting that the claimant failed to follow up with care and treatment options, even though he complained of pain.  R. 22.  The ALJ noted that treatment, such as knee surgery, appeared to have increased claimant's mobility.  R. 22.  Furthermore, claimant testified that he was not motivated to work.  R. 22.  Substantial evidence supports the ALJ's finding, so the court will not reweigh the medical evidence.  The court finds deferring to the credibility determination of the ALJ appropriate in this case.

## C. Step Three of the Sequential Evaluation Process

Plaintiff argues that the ALJ did not conduct a proper step three analysis.  Plaintiff cites that the objective medical evidence shows a positive straight leg raise test, pain, weakness and perithecia in the appropriate dermatomes of the left lower leg.  R. 236, 238, 244, 174.  The Commissioner argues that the ALJ found that plaintiff's medically determinable impairments did "not meet or medically equal one of the listed impairments" and substantial evidence supports this finding.

At step three of the sequential analysis for determining disability in a Social Security case, claimant has the burden of demonstrating, through medical evidence, that his impairments meet all of the specified medical criteria contained in a particular listing.  Williams v. Bowen, 844 F.2d 750-52 (10th Cir. 1988).  The ALJ determines whether the impairment "is equivalent to one of a number of listed impairments that the Secretary acknowledges as so severe as to preclude substantial gainful activity."  Williams v. Bowen, 844 F.2d at 751 (quotation omitted).

In reaching his conclusion, the ALJ noted that the medical evidence did not show evidence of motor loss or atrophy associated with weakness in the lower extremities, no evidence of arrachnoiditis, and no evidence of pseudoclaudication as required by Listing 1.04 A, B, or C. R. 20.  The ALJ noted that claimant was expected to regain full use of his knee following surgery, and there was no evidence that he was unable to ambulate effectively as required by Listing 1.02.  R. 20.  The ALJ found that claimant's mental impairments only mildly limited his daily activities, though he had moderate difficulty maintaining social functioning and concentration.  R. 20.  Although plaintiff's counsel notes that the vocational expert said a person who lies down two to three hours in the course of a day due to back pain would be precluded from work, the ALJ found that the claimant's limitations permitted him to engage in a broader range of activities.  Thus, substantial evidence supports the ALJ's finding as to step three.

The court notes that the ALJ may find it necessary to amend the step three analysis in light of the court's finding on the weight given to the treating psychologist's opinion.  This, however, will turn on what additional evidence claimant's treating psychologist is able to provide.

ACCORDINGLY on this 16th day of May, 2005, the court reverses and remands the findings of the ALJ as set forth herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE